# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JUAN BONILLA-MEJIAS,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-54

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Juan Bonilla-Mejias ("Bonilla-Mejias"), who is currently housed at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 8.) Despite being granted an extension of time, Bonilla-Mejias has not filed a Reply to Respondent's Response. (See doc. 14.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Bonilla-Meijas' Petition, **CLOSE** this case, and **DENY** Bonilla-Mejias *in forma pauperis* status on appeal.[1]

## **BACKGROUND**

Bonilla-Mejias was convicted in the United States District Court for the Southern District of Florida for illegal reentry after previous deportation. (Doc. 8-1, p. 22.) On December 11, 2013, the district court sentenced him to fifty-four months' imprisonment. (Id. at p. 23.) He is currently serving an aggregate term of incarceration of 188 months. (Id. at p. 24.) Bonilla-

---

[1] Petitioner names the Federal Bureau of Prisons and Roger B. Perry as Respondents. As they correctly point out, Tracy Johns, the Warden of D. Ray James, is the only proper respondent in this case. (Doc. 8, p. 2.) Accordingly, the Clerk of Court is hereby **DIRECTED** to substitute Tracy Johns as the only Respondent in this case.

Mejias has been housed at D. Ray James since January 16, 2014. (Id. at p. 3.) Currently, the Bureau of Prisons projects him to be released on June 19, 2017, via good conduct time release, to be followed by thirty-six months of supervised release. Id.

## DISCUSSION

In this Petition, Bonilla-Mejias takes issue with discipline he received regarding an incident that occurred on May 18, 2015. (Doc. 8-1, pp. 34–37.) On that date, prison officials at D. Ray James issued Bonilla-Mejias an Incident Report for possession, manufacture, introduction, or loss of a hazardous tool; 2) destroying and/or disposing of any item during a search or attempt to search; and 3) refusing to obey an order from a staff member. Id. Bonilla-Mejias had a hearing before a Discipline Hearing Officer ("DHO") on May 27, 2015. Id. The DHO found that Bonilla-Mejias committed the prohibited act as charged and sanctioned him with a loss of 41 days of good conduct time, 45 days disciplinary segregation, 5 months loss of commissary, and 5 months loss of phone privileges. Id. Bonilla-Mejias received a copy of the DHO Report on June 4, 2015. Id. The DHO Report states, among other things, "The inmate has been advised of his right to appeal this action within 30 calendar days under the Administrative Remedy Procedure." (Id. at p. 39.)

In his Petition, Bonilla-Mejias states that he was "unlawfully disciplined" and states that his due process rights were violated. (Doc. 1, p. 2.) He argues that the DHO did not have authority to sanction him because the DHO was not an officer of the Bureau Of Prisons ("BOP"). (Id. at p. 7.) On October 2, 2015, Respondent filed his response to Bonilla-Meijas' Petition. He states that Bonilla-Meijas' claims are subject to dismissal because he failed to exhaust his administrative remedies before he filed his Petition. (Doc. 8, pp. 4–6.) Additionally,

2

Respondent argues that the BOP has not improperly delegated its decision making authority to the DHO. (Id. at pp. 6–7.)

## I. Whether Bonilla-Mejias Exhausted his Administrative Remedies

### A. Legal Requirements for Exhaustion

The Eleventh Circuit has held that a Section 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago–Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, No. 5–11471, 2015 WL 7280966, at * 1 (11th Cir. Nov. 18, 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Fleming, 2015 WL 7280966, at *1 (citing Santiago–Lugo, 785 F.3d at 475). Failure to exhaust administrative remedies is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). However, the normal pleading rules still apply, and when an affirmative defense appears on the face of a complaint making it clear that a prisoner cannot state a claim for relief, dismissal is warranted. Id. at 214–15. Thus, when a party admits in his complaint or petition that he has not exhausted the grievance process, dismissal is warranted. See Okpala v. Drew, 248 F. App'x 72 (11th Cir. 2007); Cole v. Ellis, No. 5:10-CV-00316-RS-GRJ, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010); Rashid v. Liberty Cty. Jail, CV410-092, 2010 WL 3239241, at *1 n.1 (S.D. Ga. May 3, 2010) ("Nothing in Jones . . . forbids the Court from dismissing a complaint pursuant to §

1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all administrative remedies available to him.").

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[2] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

**B. Standard of Review for Exhaustion**

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve

the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C. Analysis of Plaintiff's Efforts at Exhaustion

Inmates housed at D. Ray James have access to the BOP administrative process, and they may file grievances on BOP related matters. (Doc. 8-2, pp. 3–4, 9–12.) Through this procedure, inmates may file a grievance on issues within the province of the BOP and seek a review of that issue through several steps. Id. Examples of BOP-related issues include classification, designation, sentence computation, and removal or disallowance of good conduct time. Id. Ordinarily, the inmate must begin the grievance process locally by filing a grievance with the Warden of the prison. Id. However, inmates that take issue with the outcome of a DHO hearingmust appeal directly to the BOP's Administrator of the Privatization Management Branch. Id. If the inmate is not satisfied with the Privatization Administrator's response, the inmate must make a final appeal to the BOP's Office of General Counsel. Id.

If an inmate files a BOP administrative remedy at any level (including locally, with the warden, as well as regionally and nationally), the BOP's SENTRY computer database will record that remedy. Pichardo v. Zenk, No. CV511-069, 2011 WL 5102814, at *2 (S.D. Ga. Sept. 27, 2011), report and recommendation adopted, No. CV511-069, 2011 WL 5103758 (S.D. Ga. Oct. 26, 2011); (doc. 8-2, p. 5.) A review of that database reveals that Bonilla-Mejias filed an initial administrative remedy to the BOP's Regional Administrator of the Privatization

Management Branch concerning the DHO's sanction. (Doc. 8-2, pp. 5–6; 17.) In that appeal, Bonilla-Mejias stated the following:

> The reason for my appeal is that they took away my good time suspended my visiting privileges, telephon[e] privileges and commissary privileges, this is the first time, I have been in trouble an I thin[k] that the punishment is too severe, they too[k] away too much time and suspended my privileges for too long and I would like to ask for a reduction in my punishment.

(Id. at p. 17.) The Administrator denied the appeal on June 29, 2015. (Id. at p. 19.) In that denial, the Administrator notified Bonilla-Mejias that if he was dissatisfied with the denial, he must file an appeal to the BOP's General Counsel within thirty days. Id.

Under the first Turner step, even accepting Bonilla-Mejias' version of the facts, he did not exhaust his administrative remedies before filing this action. As an initial matter, he made no complaint that the DHO did not have authority to sanction him because the DHO was not an officer of the BOP. That argument is the only argument he raises in this Petition. Moreover, despite being told that he had the option to appeal the Regional Administrator's decision to the BOP's General Counsel, Bonilla-Mejias failed to do so. Indeed, he concedes in his Petition that he did not file a second appeal of the DHO's decision. (Doc. 1, p. 3.) Moreover, he further admits in the Petition that he did not present his grounds for challenge in all appeals that were available to him. (Doc. 1, p. 7.) Additionally, Bonilla-Mejias offers no reason for this failure to pursue his available remedies.

For all of these reasons, the Court should **DISMISS** Bonilla-Mejias' Petition for failure to exhaust his administrative remedies.[3]

---

[3] Even if Petitioner had exhausted his administrative remedies, as the Respondent points out, this Court has repeatedly held that the BOP has not improperly delegated its decision-making authority to BOP contract facilities, including D. Ray James, in connection with inmate discipline. The Court has held that "[b]ecause the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to D. Ray James Correctional Facility." Bosfield v. Samuels, No. 5:15-CV-1, 2015 WL 10319292, at *4 (S.D. Ga. Sept. 17, 2015), report and

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Bonilla-Mejias leave to appeal *in forma pauperis*. Though Bonilla-Mejias has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Bonilla-Meijas' Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

---

recommendation adopted, No. 5:15-CV-1, 2016 WL 680819 (S.D. Ga. Feb. 18, 2016) (citing 28 C.F.R. § 541 (federal regulations pertaining to inmate discipline); and Program Statement 5720.09.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Bonilla-Meijas' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Bonilla-Mejias leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Bonilla-Mejias and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA